[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, David Brown dba David Brown Associates, to collect rent and other liquidated damages allegedly owed by the defendants, Maximum Health and Fitness, Inc. and Joseph Reig, Jr., for commercial space rented for use as a health club. Two separate leases were signed by the parties for premises known as 121A and 121B North Plains Industrial Road, Wallingford, CT.
There is no dispute that the defendant, Maximum Health and Fitness, Inc., failed to make payments for the use and occupancy of the premises for the period from October 1, 2000 to at least February 13, 2001. The parties disagree strenuously, however, on plaintiff's claim for liquidated damages based on two conflicting provisions contained in both of the leases at issue in this case:
17. HOLDING OVER BY THE TENANT
 . . . (2) Tenant therefore agrees that if possession of the Premises is not surrendered to Owner upon the Expiration Date or sooner termination of the Lease, in addition to any other rights or remedies Owner may have hereunder or at law, Tenant shall pay to Owner, as liquidated damages, for each month and for each portion of any month during which Tenant holds over in the Premises after the Expiration Date or sooner termination of this Lease, a sum equal to two times the aggregate of that portion of the Base Annual Rent and Additional Rent that was payable under this Lease during the last month of the Term.
17(a) FAILURE TO SURRENDER POSSESSION
 . . . (2) Tenant shall pay to Landlord, as liquidated damages, for each month and for each portion of any month during which Tenant holds over in the Demised Premises after the Expiration Date or sooner termination of this Lease, a sum equal to one and one half times the aggregate of that portion of the Base Annual Rent and Additional Rent that was payable under this Lease during the last month of the Term.
"Where two clauses which are apparently inconsistent may be reconciled by a reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions." Dainty Rubbish Service, Inc. v. Beacon HillAssn., Inc., 32 Conn. App. 530, 534 (1993). The court finds that there is no reasonable construction that would reconcile the inconsistent provisions of the leases.
The court also notes that the plaintiff, in his amended complaint, CT Page 1347 bases his claim for liquidated damages entirely on paragraph 17, the more punitive double damages provision of the two leases. He does not plead the less onerous clause 17(a) in the alternative. "[T]he language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted." Sturman v. Socha,191 Conn. 1, 9 (1983). Even if the court were inclined to allow one of the liquidated damages provisions to be enforced, which it is not, the plaintiff has not given the court a choice of provisions to enforce. For both of the above noted reasons, liquidated damages are disallowed.
The plaintiff is awarded $8,821.17 from the defendant, Maximum Health and Fitness, Inc. This amount represents unpaid rent of $3,380.23 per month from August, 2000 through February 13, 2001 less payments totaling $6,760.46 that were made and accepted for the months of August and September, 2000 and less the security deposits of $6,389.86.
The plaintiff's claim against the defendant, Joseph Reig, Jr., is based entirely on his signature on both leases above the line "Personal Signature:
Joseph Reig, Jr." In his post-trial brief, the plaintiff argues that "No reasonable interpretation can be given to this writing other than that the individual defendant undertook to be personally responsible for the performance of the leases." The court disagrees. If, as plaintiff suggests, Mr. Reig was signing as a guarantor, then, at a minimum, the word "guarantor" should have been inserted below the signature line in addition to "personal signature." The two terms — "personal signature" and "guarantor" — are not synonymous in the court's mind. The plaintiff has failed to establish any personal liability on the part of the individual defendant and, therefore, judgment may enter in favor of the defendant, Joseph Reig, Jr.
The final issue to be addressed concerns attorney's fees claimed by the plaintiff. Neither summary process action instituted by the plaintiff was brought to a successful conclusion. The first action was withdrawn; the second action was dismissed by the court. No attorney's fees are awarded to the plaintiff for either summary process action. As to the civil collection action at issue, the court finds that $4,500.00 is a reasonable award of attorney's fees.
Therefore, judgement may enter for the plaintiff vs. Maximum Health and Fitness, Inc. only for $8,821.17 plus a reasonable attorney's fee of $4,500.00 plus taxable costs. The plaintiff is instructed to file a bill of costs with the clerk's office forthwith. Payment in full is due to the plaintiff through his attorney on or before three weeks from the date that the bill of costs is approved by the clerk. CT Page 1348
BY THE COURT
Leavitt, J.